IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| H & S TOWING SERVICE, INC. | : | CASE NO. 1:19-bk-01801-HWV |
| | : | |
| DEBTOR | : | |

**MOTION OF THE UNITED STATES TRUSTEE FOR ENTRY OF AN
ORDER CONVERTING THE MATTER TO A PROCEEDING UNDER CHAPTER 7**

NOW COMES the United States Trustee ("UST"), through undersigned counsel, and respectfully moves this Court to enter an Order converting the instant matter to a proceeding under Chapter 7 and in support thereof, states as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157(a) and (b)(1) and 1334(a) and (b). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(a), (b)(1) and (2)(A). Venue of this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are 11 U.S.C. §§ 105, 704, 1106, 1112; and 28 U.S.C. § 1930. The United States Trustee has standing pursuant to 11 U.S.C. § 307 and 28 U.S.C. §586.

2. On April 27, 2019, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Docket Entry Number[1] 1

3. The UST is charged with certain administrative responsibilities pursuant to Title 28 U.S.C. § 586(a), which includes the supervision of the operation of the debtor and the progress of cases pending under chapter 11.

4. On December 15, 2020, the Court entered an order confirming Debtor's Plan of Reorganization. Doc. No. 117.

---

[1] Hereinafter "Doc. No."

5. Debtor has demonstrated an inability to comply with its post-confirmation duties including, but not limited to, payment of the post-confirmation quarterly fees due the United States Trustee's Office pursuant to 28 U.S.C. § 1930(a)(6)[2], and filing of periodic reports and summaries of its business pursuant to 11 U.S.C. §§ 1106(a)(1), 704(a)(8), 1107(a) and Fed. R. Bankr. P. 2015.

6. More specifically:

   a. Debtor has not filed a post-confirmation quarterly report since the first quarter of 2021. Doc. No. 123. The quarterly reports for the second and third quarters of 2021 are overdue and the failure to file same impacts the UST's ability to oversee the administration of the case and to calculate the quarterly fee owed by the Debtor.

   b. Debtor has not timely paid post-confirmation quarterly fees to the United States Trustee's office, and Debtor currently owes $11,318.00 in estimated quarterly fees to the United States Trustee. This amount represents the delinquent estimated quarterly fee for the second and third quarters of 2021.

7. Title 11 U.S.C. § 1112(b) provides that this Honorable Court shall, upon a showing of cause and on request of a party in interest, and after notice and a hearing, convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate[3].

---

[2] Title 28 U.S.C. § 1930(a)(6) provides in pertinent part that a quarterly fee shall be paid to the United States Trustee in each case under Chapter 11 of Title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first.

[3] The question of what property would become part of the Chapter 7 estate should be considered by this Honorable Court in determining what remedy is in the best interest of the creditors. To that analysis, the UST notes that at least one Bankruptcy Court in this Circuit has held that when a confirmed Chapter 11 case is converted to a proceeding under Chapter 7, the Chapter 7 estate consists of all of the Debtor's interest in property (including property acquired post-confirmation) on the date the case was converted. *See In re: Midway, Inc.*, 166 B.R. 585, 590 (Bankr. D. N.J. 1994).

8. Title 11 U.S.C. § 1112(b)(4)(F) provides that cause includes the unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter.

9. Title 11 U.S.C. § 1112(b)(4)(K) provides that cause includes a debtor's failure to pay any fees or charges required under chapter 123 of title 28.

10. Debtor's failure to pay the required quarterly fees and failure to file post-confirmation reports (quarterly summary reports) constitute cause for this Honorable Court to convert the instant case to a proceeding under Chapter 7.

11. Once cause is proven, relief is mandatory unless the debtor meets its burden under § 1112(b)(2). *Gateway Access Solutions, Inc*. 374 B.R. 556, 560 (Bankr. M.D. Pa. 2006).

WHEREFORE, for the reasons stated above, the United States Trustee respectfully requests that this Court enter an Order converting the instant case to a proceeding under Chapter 7 and granting such other and further relief as is just and equitable.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE

D. Troy Sellars
Assistant United States Trustee
United States Department of Justice
Office of the United States Trustee
Middle District of Pennsylvania
228 Walnut Street, Suite 1190
Harrisburg, PA 17101
Tel.: (717) 221-4515
Fax: (717) 221-4554
Email: D.Troy.Sellars@usdoj.gov

Dated: November 16, 2021